## WILLIAM BEALS *vs.* JAMES B. CASE & wife.

Suffolk. March 20, 21. — Nov. 11, 1884. DEVENS & COLBURN, JJ., absent.

On a bill in equity, by the owner of a lot of land on Newbury Street in Boston, against the owner of a lot of land on Commonwealth Avenue, to restrain the defendant from using a building on his land as a private stable, it appeared that both lots, which adjoined each other in the rear, together with a large tract of land in the vicinity, were formerly owned by the Commonwealth, which prepared a plan showing contemplated improvements and a general form of deed to be given to purchasers, containing among other restrictions one providing that any building erected on the premises "shall not in any event be used as a stable," and a provision reserving to the Commonwealth the right to enter and abate any building erected to a use contrary to the stipulations in the deed; that subsequently, in a number of deeds of lots sold by the Commonwealth in a particular locality, the words "except a private stable" were added, the nearest of these lots to the defendant's lot being about nine hundred feet distant; that the Commonwealth sold both the lots of the parties to this suit, by auction, in different years, and that at the respective auctions a catalogue was exhibited containing the form of deed with the restriction as to stables, with a note stating that the Commonwealth would not enforce the restrictions so as to prevent the erection and use of a private stable by purchasers as appurtenances to their residences, if so used as not to be offensive to the occupants of the surrounding buildings; that the deeds given at these sales to the grantors of the parties to this suit contained the restrictions as to stables, and made no reference to the

note in the catalogue, and there was·no evidence that the grantors bought rely-ing on this note; and there was evidence that the plaintiff, when he bought his lot, had no knowledge of this note, and that it was not a matter of record. *Held*, on these facts, that the plaintiff had failed to show any right to restrain the defendant from using, in a proper manner, as a stable, the building on his lot.

MORTON, C. J. The plaintiff is the owner of a lot of land with a·dwelling-house thereon, on Newbury Street in Boston, between Clarendon Street and Dartmouth Street; the defend-ants are the owners of a lot with a dwelling-house thereon on Commonwealth Avenue. The two lots adjoin in the rear, the line of each being the centre line of a passageway, sixteen feet wide, over which each has a right of way. Both parties derive their titles from the Commonwealth: the plaintiff, under a deed to one Morse, dated in July, 1869; and the defendants, under deeds to one Reed and one Daggett, dated respectively in March, 1867, and in May, 1871. The deeds from the Commonwealth under which the defendants derive their title contain the stipu-lation " that any building erected on the premises shall be at least three stories high for the main part thereof, and shall not in any event be used as a stable, or for any mechanical, mer-cantile, or manufacturing purposes."

The deed under which the plaintiff claims contains the same stipulation, except that the word " mercantile " is left out. All the deeds contain the provision that the " said Commonwealth reserves the right to enter upon the premises, by its agent and at the expense of the party at fault, to remove or alter, in con-formity with the above stipulations, any building or portion thereof which may be erected on the premises by the said grantees, or their representatives or assigns, in a manner or to a use contrary to the above stipulations."

The plaintiff by this bill in equity seeks to restrain the defend-ants from using as a private stable a building erected by them on the rear part of their lot.

The plaintiff's deed contains no provisions which give him the right to control the use of the defendants' land. And there are no express provisions in the defendants' deeds which subject their land to a servitude or easement in favor of the plaintiff's land. The plaintiff can maintain his suit only upon the ground that the restrictions in the defendants' deeds create a servitude or

right in the nature of an easement in their land, which, by implication, is annexed and made appurtenant to the plaintiff's land.

It often happens that owners of land adopt a general scheme or plan for its improvement, dividing it into house lots, and insert in the deeds of the several lots uniform restrictions as to the purposes for which the land may be used, such restrictions upon each being intended for the benefit of the other lots. In such cases it is held that the owner of each lot has, as appurtenant to his lot, a right in the nature of an easement upon the other lots, which he may enforce in equity if the owners of the other lots violate the restrictions. *Whitney* v. *Union Railway*, 11 Gray, 359. *Parker* v. *Nightingale*, 6 Allen, 341. *Linzee* v. *Mixer*, 101 Mass. 512. *Peck* v. *Conway*, 119 Mass. 546. *Tobey* v. *Moore*, 130 Mass. 448.

The rule is stated in *Whitney* v. *Union Railway* to be, that, when "it appears by a fair interpretation of the words of a grant that it was the intent of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, and originally forming with the land conveyed one parcel, such right will be deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective lots of land." But it is always a question of the intention of the parties ; and, in order to make this rule applicable, it must appear from the terms of the grant, or from the situation and surrounding circumstances, that it was the intention of the grantor in inserting the restriction to create a servitude or right which should enure to the benefit of the plaintiff's land, and should be annexed to it as an appurtenance. *Badger* v. *Boardman*, 16 Gray, 559. *Jewell* v. *Lee*, 14 Allen, 145. *Sharp* v. *Ropes*, 110 Mass. 381.

We are of opinion that the plaintiff has not sustained this burden. The Commonwealth was the owner of a large and very valuable tract of land on the Back Bay. It prepared a plan of the tract showing the contemplated improvements, and adopted a general form of deed to be given to purchasers. But there was not uniformity in the deeds actually given. It assumed and exercised the right of changing the conditions and restrictions

in the deeds to different purchasers. In many deeds of lots on Commonwealth Avenue, it had, before the deeds under which the parties claim were given, inserted a form of restriction which permitted the purchasers to erect private stables.*

But it further appears in this case, that most of the lots of the Commonwealth's Back Bay land, including the lots owned by the parties to this suit, were sold by the Commonwealth by public auction at different times, and that, prior to such auction sales, a catalogue describing said lots was published, containing a plan of the lands and a form of the deeds which were to be given to the purchasers. This catalogue contained a note stating that "it is understood that the Commonwealth will not enforce the stipulation and agreement of the deed, that buildings erected upon the Back Bay " shall not in any event be used as a stable, "in such a manner as to prevent the erection and use of private stables by purchasers as appurtenances to their residences, provided such stables are so constructed and used as not to be justly offensive to the occupants of the surrounding buildings." This note was not inserted in the deeds given, but it is very significant as indicating what was the intention of the grantor in inserting the restriction as to building stables in the deeds which were given. It is inconsistent with the idea that the Commonwealth intended by this restriction to annex to neighboring lots the right to prevent the erection and use of private stables. It could not itself, in equity, restrain a purchaser, who had bought upon the faith of this note, from erecting and using a private stable in such a manner as not to be justly offensive to neighboring owners, and it could not have intended to give to such neighboring owners a greater right than it had itself.

The plaintiff contends that, as he had no actual or constructive notice of this catalogue and note, he is not to be affected by them. If this note was to be used to limit or impair an express grant to the plaintiff, this would be true. But, having no express grant, the burden is on him to prove, by the terms of the

---

* It appeared, from the agreed facts, that this permission was given in the deeds of twenty-one lots, all lying between Arlington Street and Berkeley Street, the nearest one of which to the defendants' lot was about nine hundred feet distant.

defendants' deeds, and by the surrounding circumstances, that an implied grant to him was intended by the grantor. When he took his deed, he was bound at his peril to ascertain what those circumstances and surrounding facts were. The note was a public declaration by the Commonwealth, intended to notify all purchasers of the scheme and purposes of the grantor. The plaintiff was bound to take notice of it, and his ignorance of it cannot enlarge his rights, and impose upon the defendants a burdensome servitude which it was not the intention of the grantor to impose.

Taking all the facts of the case at bar into consideration, a majority of the court are of opinion that the plaintiff has failed to show any right to restrain the defendants from using, in a proper manner, as a private stable, the building upon their lot.

*Bill dismissed.*

*E. W. Hutchins & H. Wheeler,* for the plaintiff. Under the decision of this court in *Linzee* v. *Mixer,* 101 Mass. 512, the plaintiff has the right to maintain this bill, unless he is prevented by the fact that the Commonwealth in a few instances, in a different part of the same street, made a change in its form of deed, or unless the· fact that the catalogue used at the sales by auction contained the note relied on by the defendants, is material.

The fact that a few stables were permitted in one small part of such an extensive territory as the Back Bay lands, is no reason for refusing to enforce a restriction against their use in other portions. *German* v. *Chapman,* 7 Ch. D. 271. *Mitchell* v. *Steward,* L. R. 1 Eq. 541. The deeds of the lots on which stables are permitted were delivered before the lots now held by the parties to this suit were sold. They cannot affect the interpretation of the language of the subsequent deeds, or operate as a waiver of restrictions therein contained.

The note in the catalogue, not being contained in the deeds to the parties to this suit, cannot affect the restrictions which they contain. The grantees received deeds in the precise form set forth in the catalogue. It does not appear that they ever understood that they were to receive deeds in any other form, or that they bought relying upon the note in the catalogue. *Andrew* v. *Spurr,* 8 Allen, 412. *Lee* v. *Kirby,* 104 Mass. 420.

*McCluskey* v. *Providence Washington Ins. Co.* 126 Mass. 306. *Hunt* v. *Rousmaniere,* 1 Pet. 1. *United States Bank* v. *Daniel,* 12 Pet. 32. *McElderry* v. *Shipley,* 2 Md. 25. *Wilson* v. *Watts,* 9 Md. 356. *Lloyd* v. *London, Chatham & Dover Railway,* 2 DeG., J. & S. 568. *Powell* v. *Smith,* L. R. 14 Eq. 85. *Midland Great Western Railway* v. *Johnson,* 6 H. L. Cas. 798. *Croome* v. *Lediard,* 2 Myl. & K. 251. *Bird* v. *Lake,* 1 H. & M. 111. 1 Story Eq. Jur. §§ 137, 138.

If the defendants have any equitable defence against the Commonwealth, they have none against the plaintiff, who had no notice of the note in the catalogue. By accepting deeds prohibiting the use of a private stable, and by placing them on record, the defendants represented to all purchasers of adjoining lots that their lot was affected by an easement, the benefit of which was attached to such lots and passed to the purchasers.

*M. Williams & C. A. Williams,* for the defendants.