GEORGE E. SPRAGUE & others *vs.* CAROLINE S. KIMBALL &
another.

Essex.     November 6, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Frauds, Statute of*, Contract concerning sale of interest in land. *Equity Jurisdic-
tion*, To compel imposing of restriction. *Equitable Restrictions.*

Where the owner of a tract of land sold certain lots from it, upon which he im-
posed uniform equitable restrictions, and agreed orally as a part of the con-
sideration for the purchases to impose similar restrictions upon lots subsequently
sold from his remaining land, such oral promise is a contract for the sale of an
interest in or concerning lands within the meaning of R. L. c. 74, § 1, cl. 4, and
cannot be enforced in equity in the absence of a memorandum signed by the
party to be charged.

BILL IN EQUITY, filed in the Superior Court on December 19,
1911, by the owners of certain lots of land on Bassett Street in
Lynn severally conveyed to them by deeds of the defendant
Kimball, which imposed upon such lots certain equitable restric-
tions, to enjoin the defendant Kimball from conveying to the
defendant Grossman the remaining portion of one of such lots
without imposing thereon a similar restriction.

The answer, among other things, alleged that the bill was
brought to enforce an alleged oral agreement relating to an in-
terest in land and that there was no memorandum of such agree-
ment signed by the party to be charged as required by R. L. c. 74,
§ 1, cl. 4.

In the Superior Court the case was heard by *Brown*, J. The
terms of the restrictions and other material facts are stated in the
opinion.

The judge found that the defendant Kimball, before any of the
sales from the tract of land in question, established a general build-
ing scheme, applicable to the entire tract, for the development and
improvement thereof; that a part of the scheme was the estab-
lishing of a restriction that no building should be erected
within twenty-three feet of Bassett Street on any of the lots
shown on the plan mentioned in the opinion; and that the re-

strictions were imposed for the benefit of all the lots shown on the plan.  He also found that the defendant Kimball, either personally or through her agent, who was authorized to make such representations, represented and agreed in effect that lot 5 should not be sold except with the same restrictions as those imposed upon the lots sold to the plaintiffs and that the plaintiffs, in consideration thereof, purchased their lots and expended much money in the improvement thereof and the establishment of their homes thereon.

The judge made a decree for the plaintiffs granting an injunction as prayed for; and the defendants appealed.

*R. L. Sisk,* (*J. D. A. Healey* with him,) for the defendant Kimball.

*C. N. Barney,* (*H. T. Lummus & W. A. Bishop* with him,) for the defendant Grossman.

*H. R. Mayo,* (*W. H. Niles* with him,) for the plaintiffs.

BRALEY, J.  The question for decision is whether the provisions of R. L. c. 74, § 1, that a contract for the sale of lands "or of any interest in or concerning them" must be "in writing and signed by the party to be charged therewith," requires us to reverse the decree.

The deeds poll from the defendant Kimball, hereafter referred to as the defendant, under which the plaintiffs respectively derive title to the second, third, fourth and part of the fifth lot shown on the plan which the defendant caused to be prepared and recorded, contain this clause, "The premises are conveyed subject to the following restrictions which shall remain in force for twenty years from the date hereof, viz.: — That no building shall be erected or maintained upon the granted premises within twenty-three feet of said Bassett Street, and no stable within fifty feet of said street, provided, however, that steps, bay windows, verandas, cornices and other usual projections may project into said reserved space; that no public or livery stable shall be maintained thereon; that they shall not be used for any mechanical, manufacturing or mercantile business, nor any trade or occupation offensive to a neighborhood for dwelling houses only."

The plaintiffs, even if thus restrained in the use of their own estates, did not gain a corresponding right as against their common grantor in the remaining land exhibited by the plan unless the

burden of the restrictions was annexed thereto under a contemporaneous enforceable agreement. *McCusker* v. *Goode,* 185 Mass. 607, 612. *Tobey* v. *Moore,* 130 Mass. 448. *Dana* v. *Wentworth,* 111 Mass. 291. *Whitney* v. *Union Railway,* 11 Gray, 359. *Rowell* v. *Satchell,* [1903] 2 Ch. 212.

The lots were sold from time to time as purchasers could be obtained, and more than three years elapsed after the first and before the last conveyance, while apparently seven years intervened between the last conveyance and the defendant's agreement for the sale of the remainder of lot 5 to the defendant Grossman without restrictions, which the bill seeks to enjoin. The plan incorporated by reference in the deeds, with the exception of the conveyance of lot 2, upon which the defendant before the transfer had built a dwelling in conformity with the building line, contains no reference to the restrictions, while the deeds are silent as to any express covenant or stipulation on the part of the defendant to the effect that in future sales similar restrictions were to be imposed. But the restrictions upon the mode of occupation as expressed in the deeds are uniform, and the judge finds that the defendant intended, and so informed the plaintiffs at the time of their respective purchases, to subject the lots as they were sold to similar restrictions for their mutual advantage and protection. It is moreover plain from the evidence that each plaintiff was induced by the defendant's promise to buy and build, being assured that the entire neighborhood would be restricted to residential purposes. It would be a forced conclusion, in view of the general scheme originated by the defendant, as shown by the plan, the deeds and the circumstances under which the plaintiffs severally bought, that the restrictions were intended as the mere reservation of personal rights to be enforced for the sole benefit of the defendant or her heirs so long as any portion of the tract remained unsold. The right invoked by the plaintiffs accordingly attached to each lot as it was granted for the mutual benefit of the grantees, although the grantor while he owned the remainder and observed the conditions of the contract of sale, could have compelled in equity a compliance with the restrictions by the lot owners or their successors in title. *Jeffries* v. *Jeffries,* 117 Mass. 184. *Peck* v. *Conway,* 119 Mass. 546. *Sanborn* v. *Rice,* 129 Mass. 387, 396, 397.

It is not a covenant running with the land at law, but it is an

equitable easement or servitude passing with a conveyance of the premises to subsequent grantees. *Parker* v. *Nightingale,* 6 Allen, 341. *Ivarson* v. *Mulvey,* 179 Mass. 141. *Evans* v. *Foss,* 194 Mass. 513. While only the mode of use is regulated and the fee passed, yet the estate is encumbered with the inherent restrictions which create an equitable, enforceable interest. *Tobey* v. *Moore,* 130 Mass. 448. *Hano* v. *Bigelow,* 155 Mass. 341. It is settled by our decisions, that under the R. L. c. 74, § 1, and c. 127, § 3, an equitable as well as a legal interest in land must be evidenced by some sufficient instrument in writing or it is unenforceable. *Richards* v. *Richards,* 9 Gray, 313. *Glass* v. *Hulbert,* 102 Mass. 24, 32, 33. *McCusker* v. *Goode,* 185 Mass, 607, 612.

If the front building line, with any language indicating the nature of the restrictions, had appeared on the plan, the defendant would have been estopped to deny an implied grant with covenants coextensive with the scope of the plan, or, if by any appropriate wording of the deeds it appeared that the remaining lots as they were sold should be subject to the restrictions, the statute would have been satisfied. *Lipsky* v. *Heller,* 199 Mass. 310. *Sharp* v. *Ropes,* 110 Mass. 381, 386. *Boston Water Power Co.* v. *Boston,* 127 Mass. 374. *Kennedy* v. *Owen,* 136 Mass. 199, 203. *Beals* v. *Case,* 138 Mass. 138, 141. *Lowell Institution for Savings* v. *Lowell,* 153 Mass. 530. The proposed restrictions undoubtedly formed part of the consideration for the purchases, and each plaintiff would have had the right to demand that the defendant insert in the title deed a stipulation or covenant in accordance with the terms of sale. *McCusker* v. *Goode,* 185 Mass. 607, 612.

The judge, however, has found, and the evidence warranted the finding, that the agreement to restrict lot 5 rested wholly in parol, and, even if executed as to the other lots, and a small portion of lot 5, it remained wholly executory as to her ownership of the residue.

To prevent the statutory bar the plaintiffs urge, that as there has been full performance on their part, relief should be decreed or the statute would be converted into a shield for fraud, a result not countenanced by a court of equity. *Hubbell* v. *Warren,* 8 Allen, 173, 178. *Burns* v. *Daggett,* 141 Mass. 368. But the mere non-performance of an oral contract, within the statute which is

pleaded, as in the case at bar, and where no relation of trust and confidence exists, does not constitute fraud. *Brightman* v. *Hicks,* 108 Mass. 246. *Campbell* v. *Dearborn,* 109 Mass. 130, 140. *Ahrend* v. *Odiorne,* 118 Mass. 261, 268. *Dunphy* v. *Ryan,* 116 U. S. 491. Nor did the plaintiffs, on whom and not on the defendant the burden of part performance rests where this ground for relief is sought, by taking title, entering into occupation and making improvements on their own estates in reliance upon the parol agreement, acquire any legal or equitable interest in the defendant's remaining land. *Williams* v. *Carty,* 205 Mass. 396. *Caton* v. *Caton,* L. R. 1 Ch. 137. *Graves* v. *Goldthwait,* 153 Mass. 268, 269. *Low* v. *Low,* 173 Mass. 580, 582. *Sarkisian* v. *Teele,* 201 Mass. 596. The suit cannot be maintained, and the bill must be dismissed.

*Ordered accordingly.*