DUDLEY A. SARGENT & others *vs.* CHARLES E. LEONARDI.

Middlesex. March 6, 1916. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Equitable Restrictions. Frauds, Statute of. Equity Jurisdiction,* Mistake.

In a suit in equity to enforce an equitable restriction alleged to have been imposed on the defendant's land, if the alleged restriction is not contained in the defendant's deed nor in those of any of his predecessors in title and the deeds refer to a plan filed in the registry of deeds on which there is no indication of any restriction, the restriction cannot be imposed upon the land by oral evidence of an alleged intention on the part of the original grantor who divided a large tract of land into lots and filed a plan of them in the registry of deeds.

It does not help the plaintiff in a suit in equity to enforce an alleged equitable restriction not contained in the defendant's deed nor in those of any of his predecessors in title, to undertake to show that the alleged restriction was omitted from the defendant's deed by accident or mistake, the remedy to correct such a mistake, if there was one, being by a bill to reform the deed.

---

* For the plaintiff, entered by order of *Wait,* J.

In a suit in equity to enforce an equitable restriction alleged to have been imposed on the defendant's land, where it appears that no owner of the lot of land of which the defendant owns a part ever created any restriction upon it, a recital in a mortgage given by the owner of the part of the lot not owned by the defendant, stating mistakenly that the mortgagor's land is subject to the restriction in question, does not create such a restriction even upon his own land, still less on the land of the defendant.

In the present suit to enforce an equitable restriction alleged to have been imposed on the defendant's land, where it appeared that no owner of the land ever had created by deed any restriction upon it, it was *said*, that it was unnecessary to consider whether the statute of frauds would be a bar to the relief sought by the plaintiff.

CROSBY, J.   This is a bill in equity brought to enforce certain restrictions upon the use of the defendant's land.  The case was reserved by a judge of the Superior Court * for the determination of this court upon the pleadings, the agreed facts, and a summary of all the material evidence.

The evidence shows, that in 1847 the owners of a large tract of land in Cambridge caused it to be surveyed, divided into lots, and a plan thereof prepared, which was filed in the registry of deeds and is referred to as Plan 15.†  Afterwards at various times the owners sold lots to different purchasers including lot No. 3, which was conveyed to one Randall in April, 1848, and was situated at the corner of North Avenue (now called Massachusetts Avenue) and Everett Street.  The defendant is the owner of the front part of lot No. 3, having obtained title thereto by deed· dated March 12, 1914.  Many of the lots so sold were conveyed subject to restrictions that buildings erected thereon should set back a certain distance from the street line and that certain shops should not be erected nor maintained; but the restrictions were not uniform in all the deeds in which they were created.  It appears that nearly one half of all the lots upon the entire tract which have been sold before and since the sale of lot No. 3 to Randall in 1848 were sold without any restrictions whatever.  Still we do not undertake to determine the status of any lot except lot No. 3.  The nature and· extent of restrictions to which other lots may be subject need not be decided.  It is undoubtedly true, however, that a general scheme may be found to exist even if certain lots are sold

* *Jenney*, J.

† The description of this plan in the opinion gives all the information concerning it that is material.

without restrictions, or if the restrictions imposed are not identical. *Bacon* v. *Sandberg,* 179 Mass. 396. *Allen* v. *Barrett,* 213 Mass. 36, 39. *Hartt* v. *Rueter, ante,* 207.

It appears that in the conveyance to Randall, the defendant's predecessor in title, and in all subsequent deeds in the chain of title, including the deed to the defendant, no restrictions were imposed. There is nothing upon the plan which purports to restrict any of the lots shown thereon. In other words, there was nothing on the record in the registry of deeds to charge the defendant with notice that the lot, purchased by him, was subject to any restrictions whatever. Upon these facts, the defendant's lot cannot be held to be subject to any restrictions for the benefit of the lots owned by the plaintiff. *Beals* v. *Case,* 138 Mass. 138. *McCusker* v. *Goode,* 185 Mass. 607. *Roak* v. *Davis,* 194 Mass. 481. *Sprague* v. *Kimball,* 213 Mass. 380. It is well settled that an easement in the nature of an equitable restriction cannot be imposed upon land by parol. R. L. c. 127, § 3. *Sprague* v. *Kimball, supra.*

The plaintiff contends that the recital in a mortgage given by the defendant's predecessor in title, Randall, on November 5, 1850, while he was the owner of the rear portion of lot No. 3, is an acknowledgment by Randall of the existence of the restrictions, and "is sufficient not only to establish that he agreed to these restrictions when he purchased this lot, but that the omission of the same from his deed was due to accident or mistake," and that the principles stated in *Sprague* v. *Kimball, supra,* do not apply. If the deed to Randall omitted to refer to the restrictions and such omission was due to accident and mutual mistake, the remedy of the grantors or those claiming under them is by a bill to reform the deed, and cannot be considered in this proceeding. The Randall mortgage did not include the portion of lot No. 3 owned by the defendant, but covered only the rear part of that lot. The recital is as follows: "subject to those convenient restrictions heretofore imposed upon said land by deed of G. G. Hubbard et al., under whom I claim as by reference to the record thereof at said Registry will appear." Aside from the fact that the mortgage did not cover the part of lot No. 3 owned by the defendant, the recital was of a fact which never existed. Apparently Randall believed that the lot was subject to the restrictions, but it is plain that he was mistaken. No owner of the lot in ques-

tion ever has created any restriction upon it, and the recital in the mortgage of a fact which did not exist cannot create such restrictions.

It is unnecessary to consider whether the statute of frauds would be a bar to the relief which the plaintiff seeks.

As the suit cannot be maintained, the entry must be

*Bill dismissed.*

*E. A. Whitman,* (*G. A. A. Pevey* with him,) for the plaintiffs.
*L. R. Eyges,* for the defendant.