## UTUJIAN v. BOLDT.

1. COVENANTS—RESTRICTIONS—EVIDENCE.

In a suit by the purchasers of a lot to restrain the sub-dividers from resubdividing the remaining lots into smaller ones, a pamphlet signed by one of the defendants, reciting the advantages of buying lots of an acre or more, which was not circulated until after plaintiffs purchased, and which was not relied on by them, is without importance.

2. SAME—EQUITY WILL NOT IMPRESS RESTRICTION NOT PROVIDED FOR OR FOLLOWED IN GENERAL PLAN.

In the absence of a general plan restricting the lots in a subdivision to a certain size, equity will not impress the restriction on all of the lots therein.

3. SAME—COVENANT NOT IMPLIED FROM BLUEPRINT.

That a lot is sold according to a blueprint of a proposed plat does not imply a covenant that the size of the remaining lots shall not be changed.

4. SAME—INJUNCTION—SUBDIVIDING INTO SMALLER LOTS.

Where there was no restriction as to the size of the lots in a subdivision, and no general plan adopted and followed for developing it by the sale of lots of not less than one acre in size, the purchasers of a lot therein are not entitled to an injunction restraining the subdividers from resubdividing the remaining lots into smaller ones.

Appeal from Oakland; Covert (Frank L.), J.    Submitted January 10, 1928; resubmitted March 27, 1928. (Docket No. 36.)    Decided April 3, 1928.

Bill by Setrak S. Utujian and another against Clarence J. Boldt and another to enjoin the violation of building restrictions and the resubdivision of a plat. From the decree rendered, both parties appeal.    Reversed, and bill dismissed.

[1]Injunctions, 32 C. J. § 581; [2]Deeds, 18 C. J. § 463; [3]Id., 18 C. J. § 459; [4]Injunctions, 32 C. J. § 323; 14 L. R. A. (N. S.) 692; 7 R. C. L. 1098.

*George A. Sutton* and *Goodloe H. Rogers*, for plaintiffs.

*Andrew L. Moore*, for defendants.

McDONALD, J.    This is an injunction suit to restrain the defendants from violating certain building restrictions and from resubdividing into smaller lots than platted a subdivision known as Brookside Park subdivision in the township of Farmington, Oakland county, Michigan.    On the 29th of September, 1917, the defendants sold on land contract to the plaintiffs lot 7 of Brookside Park subdivision.    The plat had not been recorded at that time and the lot was described in the contract by metes and bounds and also as "parcel 7, according to a private plat of Brookside, so called, subdivision."    The plat and contract contained restrictions against erecting any building except a private dwelling house to cost not less than $5,000 and to be constructed of stone, brick, and stucco with necessary outbuildings, etc.

The proposed plat contained 25 acres divided into 13 lots, none of which contained less than one acre. The size of the lot purchased by the plaintiffs was 2.8 acres.    After the sale to the plaintiffs, the defendants purchased 78 acres of land lying directly south of the 25-acre parcel.    They combined the two parcels into one plat, which was recorded in December, 1917.    It was all rural property.    Before the plaintiffs bought their lot the defendants furnished them a blueprint of the proposed plat of the 25-acre parcel.    It is also claimed by the plaintiffs that they were given a printed pamphlet or circular signed by Clarence J. Boldt reciting the advantages of buying acreage lots in a restricted subdivision such as the one in question.    It is the claim of the plaintiffs that they bought lot 7 in reliance on the building restrictions recited in the contract and on the representations of the defendants as to the size of the other lots in the proposed plat,

and on their promise that no lots of the plat containing less than one acre would ever be sold; that they have built a home on their lot of the value of $25,000, and that the defendants are violating the building restrictions and now propose to resubdivide the plat into lots containing much less than an acre of land. To restrain them from so doing this bill was filed.

The defendants admit that they propose to resubdivide the plat into smaller lots; they admit that before the sale to the plaintiffs they furnished a blueprint of the proposed plat of the 25-acre parcel showing the size of the lots, none of which was less than one acre; but they deny that they gave them a pamphlet advertising the advantages of buying lots in rural subdivisions containing not less than one acre, or that they represented to the plaintiffs that they never would sell any lots of smaller size. After the temporary injunction was issued, the parties stipulated in writing to dissolve it as to all of the lots in the 78-acre portion of the plat. So on the hearing the controversy related to the 13 lots of the 25-acre parcel only. In his decree, the circuit judge removed the restrictions from all of these lots except lots 8, 9, 10, 11, and enjoined the defendants from resubdividing them into smaller lots. Both parties have appealed.

The evidence shows no real controversy concerning building restrictions. In his testimony, the defendant Clarence J. Boldt expressed his willingness to cooperate in enforcing these restrictions. The only question to be determined relates to the right of the defendants to resubdivide into smaller lots that portion of the plat comprising the 25-acre parcel.

We are not convinced by the evidence that before the sale of lot 7 the defendants furnished the plaintiffs with a printed circular or pamphlet representing the size of the lots to be sold. Such a pamphlet was circulated shortly thereafter, but it has no application to a prior purchase, was not relied on by the plain-

tiffs, and is without importance in this case. It is an admitted fact that before the sale to the plaintiffs the defendants furnished them with a blueprint of the proposed plat, showing the size of the lots, and that the sale was made with reference to this blueprint. The claim of the plaintiffs that during the negotiations the defendants promised that no lots less than one acre in size would be sold is disputed. Assuming that such a promise was made, and that the lot purchased by the plaintiffs was purchased according to the blueprint showing lots not less than one acre in size, do these facts entitle the plaintiffs to an injunction restraining the defendants from subdividing the remaining lots into smaller parcels?

This is not a suit to enforce the promise of the defendants. Its purpose is to impose a restriction not named in the contract on all of the remaining lots. The plaintiffs must rest their case on the theory that the defendants cannot resubdivide the remaining lots because they are impressed with a restriction against selling any containing less than one acre. There would be some merit in this contention if so restricting the size of the lots were part of a general plan for the development of the property. The best evidence that there was no such general plan is in the fact that this alleged restriction is not found in the plat or in the plaintiffs' contract or in any of the contracts for the sale of other lots. It was not followed in the sale to the plaintiffs or to any other persons.

"It often happens that owners of land adopt a general scheme or plan for its improvement, dividing it into house lots, and insert in the deeds of the several lots uniform restrictions as to the purpose for which the land may be used, such restrictions upon each being intended for the benefit of the other lots. In such cases it is held that the owner of each lot has, as appurtenant to his lot, a right in the nature of an easement upon the other lots which he may enforce in equity." *Beals* v. *Case*, 138 Mass. 138.

In the absence of a general plan restricting the lots to a certain size, equity will not impress the restriction on all of the lots in the plat. And the fact that a lot was sold according to a blueprint of the proposed plat does not imply a covenant that the size of the remaining lots shall not be changed. In *Herold* v. *Columbia Investment & Real Estate Co.*, 72 N. J. Eq. 857 (67 Atl. 607, 14 L. R. A. [N. S.] 1067), the plaintiff filed a bill to restrain the resubdivision of lots remaining after his purchase which was made according to a map or plat showing lots of a specified size. He claimed that the lots were sold according to a general scheme for the development of the property, but he failed in his proof on that question. In disposing of the issue, the court said:

"The failure to show the existence of such scheme is also fatal to the claim of the complainant that he is entitled to restrain the Ridgefield Land Company, and its successors in title, from selling its lands except in the parcels delineated upon the original map. No such covenant is implied by the making of such a map and the sale of certain of the lots shown thereon; and the right of the owner to dispose of the unsold portion of his lots singly or in bulk, or by subdividing them into smaller parcels and selling them in such parcels, is complete."

In the instant case, there was no general plan adopted and followed for developing the plat by the sale of lots not less than one acre in size. Therefore, equity will not impose a restriction on the lots beyond that expressed in the plat and contracts. For these reasons, the plaintiffs are not entitled to an injunction restraining the defendants from dividing the remaining lots into smaller parcels.

The decree of the circuit court is reversed, and a decree will be entered in this court dismissing the plaintiff's bill, with costs to the defendants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.