PAULINE A. GUILLETTE & others[1] *vs.* DALY DRY WALL, INC.

Bristol. February 4, 1975. — April 8, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Real Property,* Equitable restrictions.

Where a deed to a purchaser of a lot in a subdivision referred to a recorded plan, contained single-family residential restrictions "imposed solely for the benefit of the other lots" shown on the plan, and provided that "the same restrictions are hereby imposed on each of . . . [the] lots now owned by the seller," one of such lots of the seller was bound by the restrictions when it was later purchased from him by a purchaser whose deed referred to the

---

[1] Barbara G. and John Paraskivas, Jr., and Robert C. and Jane M. Walcott.

plan but not the restrictions and who, although causing a title examination to be made, purchased without actual knowledge of the restrictions. [357-359]

BILL IN EQUITY filed in the Superior Court on December 21, 1972.

The suit was heard by *Connolly*, J., on a master's report.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Henry F. Frenette, Jr.*, for the defendant.

*Frederick L. McKenney* for the plaintiffs.

BRAUCHER, J.   A recorded deed of a lot in a subdivision refers to a recorded plan, contains restrictions "imposed solely for the benefit of the other lots shown on said plan," and provides that "the same restrictions are hereby imposed on each of said lots now owned by the seller." A later deed of another lot from the same grantor refers to the same plan but not to the restrictions.   The plan does not mention the restrictions, and the later grantee took without knowledge of them.   We reject the later grantee's contention that it was not bound by the restrictions because they were not contained in a deed in its chain of title, and affirm a decree enforcing the restrictions.

The plaintiffs, owners of three lots in the subdivision, brought suit in the Superior Court to enjoin the defendant, owner of a lot in the same subdivision, from constructing a multifamily apartment building on its lot. The case was referred to a master, and his report was confirmed.   A final decree was entered enjoining the defendant from "constructing any structures designed, intended, or suited for any purpose other than a dwelling for one family and which . . . [do] not conform to the restrictions contained in a deed from Wallace L. Gilmore to Pauline A. Guillette and Kenneth E. Guillette."   The defendant appealed, and the case was transferred from

the Appeals Court to this court under G. L. c. 211A, § 10 (A).  The evidence is not reported.

We summarize the master's findings.  Gilmore sold lots in a subdivision called Cedar Hills Section I in Easton to the plaintiffs, the defendant, and others.  Two of the plaintiffs, the Walcotts, purchased a lot in August, 1967, by a deed referring to a plan dated in July, 1967.  The plaintiff Guillette and her husband, now deceased, purchased a lot in May, 1968, by a deed referring to a plan dated in March, 1968.  The 1967 and 1968 plans are the same for all practical purposes; neither mentions restrictions.  The plaintiffs Paraskivas purchased a lot in June, 1968, by a deed referring to the 1968 plan.  Each of these deeds and five other deeds to lots in the subdivision either set out the restrictions or incorporated them by reference.  Only the Guillette deed and one other contained a provision restricting lots retained by the seller.[2]  It was the intention of the grantor and the plaintiffs to maintain the subdivision as a residential subdivision to include only dwellings for one family.

The master further found that the defendant Daly Dry Wall, Inc. (Daly), purchased its lot from Gilmore in April, 1972, and that the deed to Daly contained no reference to any restrictions but did refer to the 1968 plan.  Daly made no inquiry concerning restrictions and did not know of any development pattern.  It had a title examination made.  It learned of the restrictions in

---

[2] Paragraph 8 of the restrictions in the Guillette deed:  "The foregoing restrictions are imposed solely for the benefit of the other lots shown on said plan, and may be modified or released at any time by an instrument in writing signed by the seller herein or the legal representative of said seller, and the owner or owners for the time being of each of said lots, said written instructions to be (sic) effective immediately upon recording thereof in the proper Registry of Deeds; *and the same restrictions are hereby imposed on each of said lots now owned by the seller*" (emphasis supplied).  The italicized language is found only in the Guillette deed and one other.  The master found that there had been no release.

August, 1972.    Subsequently it obtained a building permit for thirty-six apartment-type units.

In similar circumstances, where the common grantor has not bound his remaining land by writing, we have held that the statute of frauds prevents enforcement of restrictions against the grantor or a subsequent purchaser of a lot not expressly restricted.    G. L. c. 183, § 3. *Houghton* v. *Rizzo*, 361 Mass. 635, 639-642 (1972), and cases cited.    *Gulf Oil Corp.* v. *Fall River Housing Authy.* 364 Mass. 492, 500-501 (1974).    Where, as here, however, the grantor binds his remaining land by writing, reciprocity of restriction between the grantor and grantee can be enforced.    See *Snow* v. *Van Dam*, 291 Mass. 477, 482 (1935), and cases cited.    In such cases a subsequent purchaser from the common grantor acquires title subject to the restrictions in the deed to the earlier purchaser. *Beekman* v. *Schirmer*, 239 Mass. 265, 270 (1921).    See Am. Law of Property, § 9.31 (1952); *Tiffany, Real Property*, §§ 858, 861 (3d ed. 1939); Restatement: Property, § 539, comment i (1944).    Each of the several grantees, if within the scope of the common scheme, is an intended beneficiary of the restrictions and may enforce them against the others.    *Hano* v. *Bigelow*, 155 Mass. 341, 343 (1892).    *Gulf Oil Corp.* v. *Fall River Housing Authy.* 364 Mass. 492, 498-499 (1974).    Cf. *Boston & Maine R.R.* v. *Construction Mach. Corp.* 346 Mass. 513, 521, n. 5 (1963); *Merrill* v. *Kirkland Constr. Co. Inc.* 365 Mass. 110, 115 (1974).    No question is presented as to compliance with G. L. c. 184, § 27 (a), as amended by St. 1969, c. 666, § 4, or § 30, inserted by St. 1961, c. 448, § 1.

The sole issue raised by the defendant is whether it is bound by a restriction contained in deeds to its neighbors from a common grantor, when it took without knowledge[3] of the restrictions and under a deed which did not

---

[3] General Laws c. 183, § 4, as appearing in St. 1941, c. 85, denies protection to "persons having actual notice of" an unrecorded conveyance.

mention them. It has, it says, only the duty to ascertain whether there were any restrictions in former deeds in its chain of title. See *Stewart* v. *Alpert,* 262 Mass. 34, 37-38 (1928). But the deed from Gilmore to the Guillettes conveyed not only the described lot but also an interest in the remaining land then owned by Gilmore. That deed was properly recorded under G. L. c. 36, § 12, and cannot be treated as an unrecorded conveyance under G. L. c. 183, § 4. As a purchaser of part of the restricted land, the defendant therefore took subject to the restrictions. See *Houghton* v. *Rizzo,* 361 Mass. 635, 642 (1972); Am. Law of Property, § 17.24 (1952); Tiffany, Real Property, § 1266 (3d ed. 1939); Restatement: Property, §§ 533, 539, comment m (1944); Philbrick, Limits of Record Search and Therefore of Notice (Part I), 93 U. of Pa. L. Rev. 125, 172-175 (1944); annos. 16 A. L. R. 1013 (1922), 4 A. L. R. 2d 1364, 1372 (1949).

The defendant argues that to charge it with notice of any restriction put in a deed by a common grantor is to "put every title examiner to the almost impossible task of searching carefully each and every deed which a grantor deeds out of a common subdivision." But our statutes provide for indexing the names of grantors and grantees, not lot numbers or tracts. G. L. c. 36, §§ 25, 26. Lot numbers or other descriptive information, even though included in an index, do not change what is recorded. Cf. *Gillespie* v. *Rogers,* 146 Mass. 610, 612 (1888), and cases cited. In such a system the purchaser cannot be safe if the title examiner ignores any deed given by a grantor in the chain of title during the time he owned the premises in question. In the present case the defendant's deed referred to a recorded subdivision plan, and the deed to the Guillettes referred to the same plan. A search for such deeds is a task which is not at all impossible. Cf. *Roak* v. *Davis,* 194 Mass. 481, 485 (1907).

*Decree affirmed with costs of appeal.*