ELLEN E. G. RILEY *vs.* HERMAN B. BARRON.

Suffolk.   March 27, 1917. — May 31, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equitable Restrictions.   Trust.   Deed,* Covenant.

In a suit in equity to enforce an equitable restriction the following facts appeared: A large tract of land was owned by three tenants in common. By several deeds among themselves and to others these tenants in common showed an intention to impose upon such of the premises in the tract as were situated on both sides of C Street, as a part of a general plan and for the benefit of such lots, a restriction against the erection thereon of any "building other than a dwelling house." The tenants in common made conveyances among themselves of various lots on C Street which contained the restriction above described and a covenant by the three "that said or similar restrictions shall apply to each and every lot bounding on said C Street owned by them." One of these lots then was con-

veyed by one of the three, subject to the restrictions, to the plaintiff. Later two of the tenants in common conveyed one of the lots on C Street, not previously conveyed, to the third, not mentioning the restrictions, and the grantee conveyed it to one who later reconveyed it to him and he then conveyed it to the defendant by a deed stating that the conveyance was "subject to restrictions of record, if any, in so far as now in force and applicable." All the deeds were recorded. *Held,* that the defendant received the land subject to the restriction because his grantor at the time of the conveyance to him held it, in spite of the previous conveyance to him by a deed containing no restrictions, charged with the obligation, created by the covenants in the previous deeds among the tenants in common of other parcels on C Street, to convey all lots thereon subject to the restrictions, and the defendant when he received his deed had notice of that fact from his own deed and from the other deeds then recorded.

A brick garage constructed upon a lot of land and not connected with any dwelling house thereon is a violation of a restriction against the construction upon the land of any building "other than a dwelling house."

BILL IN EQUITY, filed in the Superior Court on September 18, 1916, seeking to enjoin the defendant from constructing, upon certain premises owned by him, a garage in violation of equitable restrictions to which the land of the defendant was alleged to be subject.

In the Superior Court the suit was heard by *Jenney,* J., a commissioner having been appointed under Equity Rule 35 to take the testimony. The judge filed a memorandum of his findings, which are described in the opinion, and by his order a final decree was entered granting the prayers of the bill. The defendant appealed.

*E. Greenhood,* (*M. L. Lourie* with him,) for the defendant.

*J. M. Hoy,* for the plaintiff.

PIERCE, J. This is a bill in equity to enforce certain restrictions upon the use of the defendant's land. The testimony was heard orally by the presiding judge, was reported by a commissioner and was made part of the record which came to this court.

The presiding judge took a view of the premises and neighborhood and found, as the evidence clearly tended to prove, apart from the view, that the restrictions were imposed as a part of a general plan for the benefit of the several lots owned by Andrew J. Ward, Nahum Ward, and William A. Paine, trustee, and situated on both sides of Claxton Street, which was called Callender Street at the time many of the deeds were executed. The evidence supports the further finding "that the restrictions have not been lost by abandonment and that the character of the neighborhood has

not so changed as to render the enforcement of said restrictions inequitable."

On October 1, 1904, Andrew J. Ward, Nahum . Ward, William A. Paine as trustee, became tenants in common of a large tract of land on the easterly side of Blue Hill Avenue in that part of Boston formerly Dorchester. This tract was crossed by diverse streets at an angle with or parallel to the avenue, among the former being Claxton (formerly known as Callender Street) and Floyd Street, among the latter Ashton Street, Lucerne Street and Irma Street. The land of the plaintiff is on the south-westerly corner of Claxton Street and Ashton Street and that of the defendant is on the southerly side of Claxton Street, being the middle one of three lots situated between Lucerne Street and Irma Street. These owners and tenants in common in October, 1904, and in April, 1905, made partial partitions of the land by duly recorded deeds. Each deed recited that "These premises are conveyed subject to the following restrictions which shall remain for the period of thirty years from January 1, 1904. No building shall be erected or placed within fifteen feet of said Callender [now known as Claxton] Street (piazza included but not the steps thereto). No building other than a dwelling house adapted for the use of not more than two families and to be not more than two and one-half stories in height, nor to cost less than $4,500 and not more than one house shall be placed thereon. Said land shall not be used for stable, store or any mechanical or manufacturing purposes."

In December, 1905, William A. Paine, trustee, and Andrew J. Ward by duly recorded deeds conveyed their undivided interest in certain parcels or lots on Claxton Street to Nahum Ward; and on the same day Andrew J. Ward and Nahum Ward by duly recorded deeds conveyed their undivided interest in certain other parcels or lots on Claxton Street to William A. Paine, trustee. Each of these six deeds contains restrictions and covenants as follows: "These premises are conveyed subject to the following restrictions which shall remain for the period of thirty years from January 1, 1904. No building shall be erected or placed within fifteen feet of said Callender [now known as Claxton] Street (piazza included but not the steps thereto). No building other than a dwelling house adapted for the use of not more than

two families and to be not more than two and one-half stories in height, nor to cost less than five' thousand dollars exclusive of the land and not more than one house shall be placed thereon. Said land shall not be used for stable, store, mechanical or manufacturing purposes. Said grantors covenanting that said or similar restrictions shall apply to each and every lot bounding on said Callender Street owned by them." At the time of these last conveyances the complete ownership of no lot so previously conveyed had changed.

On March 13, 1906, by deed duly recorded Paine, trustee, conveyed a lot on Claxton Street to one Schroeder, subject to the restrictions first above quoted. On December 22, 1906, by deed duly recorded Nahum Ward conveyed to Sadie A. Lyon a lot of land on Claxton Street subject to the last named restrictions but without the covenant. On July 16, 1912, by deed duly recorded, Joseph G. Lyon and Sadie A. Lyon in her own right conveyed to the plaintiff the lot previously conveyed to Sadie A. Lyon. This deed contained the following provisions: "Said premises are conveyed together with, subject to, and with the benefit of, all rights, restrictions and easements, mentioned or referred to, in deed of Nahum Ward to me . . . and any other restrictions of record." On July 24, 1907, by deed duly recorded Nahum Ward conveyed to John McDevitt a lot of land on Claxton Street with restrictions and covenant as to restrictions on other lots. August 7, 1907, William A. Paine, trustee, by deed duly recorded conveyed to one Flynn a lot on Claxton Street with restrictions and covenant as to restrictions on other lots.

On January 23, 1911, William A. Paine, trustee, and Andrew J. Ward conveyed to Nahum Ward their undivided interest in a certain parcel of land on Claxton Street, Lucerne Street, Atherton Street and Irma Street, without any restrictions. On September 10, 1912, by deed duly recorded Nahum Ward conveyed to Goldie Taymer three parcels of land. The first of these parcels had been conveyed to Nahum Ward on December 2, 1905, by deed duly recorded and subject to restrictions and to the covenant as to restrictions on other lots. The second parcel was a part of that parcel conveyed to Nahum Ward on January 23, 1911, without restrictions. The third parcel was also a part of the parcel conveyed to Nahum Ward January 23, 1911. The deed conveying

the above described three parcels was made "subject to restrictions of record if any now in force and applicable."

On May 27, 1913, by deed duly recorded, Goldie Taymer reconveyed the second of the above described parcels to Nahum Ward, "subject to restrictions of record if any now in force." And on July 13, 1916, by deed duly recorded, Nahum Ward conveyed that parcel to the defendant "subject to restrictions of record, if any, in so far as now in force and applicable."

Shortly before the bringing of this suit the defendant began the construction of a brick building, disconnected from the house, for use as a garage on the southwesterly corner of his lot. Before the commencement of its construction, the plaintiff notified the defendant that she should claim that the construction of the garage was contrary to the provisions of the restrictions.

It is the contention of the defendant that the burden of the restrictions does not fall on his land because the undivided interest of the co-owners in the parcel, out of which the lot of the defendant was carved, was conveyed to Nahum Ward without reference to any restrictions. It is further contended that the provision in the deed of Nahum Ward to Goldie Taymer, in the deed of reconveyance of Goldie Taymer to Nahum Ward, and in the deed of Nahum Ward to the defendant, that "The granted premises are conveyed subject to restrictions of record, if any, in so far as now in force and applicable" was inserted out of mere abundance of caution and had no legal effect whatsoever.

Whether Taymer held the land free of any restrictions is immaterial because the defendant traces his title not through Taymer, but directly from Nahum Ward, who held the title to the lot of land of the defendant on reconveyance charged with a trust obligation to convey the land subject to the restrictions existing at the time of the conveyance to Taymer perforce of the covenants of all the co-owners. 1 Ames on Trusts, and cases cited. The land, subsequently of the defendant, as a part of the undivided and unpartitioned remaining lands of the co-tenants, was free of restrictions prior to the covenants of the grantors "that said or similar restrictions shall apply to each and every lot bounding on said Callender Street owned by them." *McCusker* v. *Goode*, 185 Mass. 607. *Sprague* v. *Kimball*, 213 Mass. 380. Nahum Ward, through whom the plaintiff and the defendant

mediately and immediately derive title, as covenantee perforce of the covenant could compel his grantors to insert in every deed of the then remaining lands the restriction contained in his deed or one similar thereto. *McCusker* v. *Goode, supra. Sprague* v. *Kimball, supra.* As Nahum Ward was co-owner with his grantors of all the remaining lands the burden and benefit would necessarily be annexed to the common ownership and would pass as benefit or burden to all persons upon whom the title of any part thereof might devolve. *Parker* v. *Nightingale,* 6 Allen, 341. *Jeffries* v. *Jeffries,* 117 Mass. 184. *Powers* v. *Radding,* 225 Mass. 110.

An examination of the title to the land now owned by the defendant at the time it was conveyed by Nahum Ward to Goldie Taymer, would have disclosed to the defendant that it was part of an undivided tract when conveyed to Nahum Ward by his co-tenants and that as such it was subject to the burden of the restrictions under the covenant of the grantors of Nahum Ward; as also under an identical covenant of Nahum Ward contained in deeds granting portions of the common tract. It follows that the defendant had constructive notice of the obligation of the grantors of Nahum Ward and of the obligation of Nahum Ward to insert in his deed to the defendant, as in every deed of the remaining lands, the restrictive agreement contained in the deed under which the plaintiff claims title. *Whitney* v. *Union Railway,* 11 Gray, 359. *Peck* v. *Conway,* 119 Mass. 546, 549.

The garage was clearly not a dwelling house nor was it contained within or a part of a dwelling house, but was an entirely distinct building. As a structure, however described, its construction is clearly in violation of the restrictions which burden the defendant's land.

*Decree affirmed.*