JAMES L. MACLARY & another *vs.* EARLE MORGAN.

Norfolk. March 5, 1918. — April 9, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equitable Restrictions. Equity Pleading and Practice,* Report by judge. *Equity Jurisdiction,* Mandatory injunction.

In a suit in equity, by the owner of one of the lots shown on a plan recorded with the deeds given by the common grantor of all the lots shown on the plan, to compel the owner of the adjoining lot to remove a house which he had built in violation of the restrictions contained in his deed, where the trial judge reported the case for determination by this court, a statement in the report, that the trial judge ruled that the plaintiff "as the owner of one of the lots is a person for whose benefit the restrictions were imposed, and is entitled to a mandatory injunction," necessarily implies a finding by the judge that the original owner imposed the same restrictions on each of the lots on a street shown on the plan as a part of the general scheme of improvement and for the benefit of the purchasers of the several lots.

Where a grantor conveyed a tract of land, cut up by him into thirteen lots according to a plan recorded with the deed in the registry of deeds, and imposed restrictions "that no buildings other than private residences intended for single families only and the necessary outbuildings shall be erected or placed thereon and no building shall be erected nearer the street in any case than 20 feet," except certain projections, and not "nearer than five feet to any boundary line," and where the general grantor intended to impose on each grantee a liability not only to the grantor himself for the protection of his other adjoining land, but also that the benefit of the restrictions should enure to each purchaser of a lot shown on the plan with the equitable right to enforce them against the other grantees, a purchaser of such a lot can maintain a suit in equity for a mandatory injunction against the owner of the adjoining lot, who was one of the original grantees, ordering him to remove a two-family house which he has erected on his lot nearer than five feet to the boundary line.

BILL IN EQUITY, inserted in a common law writ of the Superior Court dated January 12, 1916, by the owner of a lot of land with a dwelling house thereon on Hollis Street in the part of Milton called East Milton, being lot No. 3 on the plan mentioned in the opinion, against the owner of the adjoining lot, also shown on the plan, to enjoin the defendant from maintaining and to compel

him to remove a two-family house which the defendant had built less than five feet from the boundary line between the two lots in alleged violation of the equitable restrictions contained in the defendant's deed, which are quoted in the opinion.

The case was heard by *Fox,* J., who ruled that the defendant had violated the restrictions in that the house erected by him was a two-family dwelling house and was less than five feet from the plaintiff's side line, and that the plaintiff, as the owner of one of the lots on the plan was a person for whose benefit the restrictions were imposed and was entitled to a mandatory injunction. At the request of the defendant the judge reported the case for determination by the full court.

*L. S. Hamburger,* for the defendant.

*M. E. Sturtevant,* for the plaintiffs.

DE COURCY, J. In January, 1913, E. W. Bowditch, the owner of two tracts of land on Edgehill Road and Hollis Street in Milton, caused a plan to be made dividing the land into thirteen lots and sold and conveyed the same to the defendant and Leroy Morgan. The deed recited, "The granted premises are shown on a plan hereto annexed and herewith to be recorded." The plan thereby became incorporated in the deed. *Kaatz* v. *Curtis,* 215 Mass. 311. In March, 1914, the Morgans, by joint deed with warranty covenants, conveyed to the plaintiffs a lot on the southerly side of Hollis Street and numbered 3 on the plan. In August, 1914, there was conveyed to the defendant the undivided one half interest of Leroy Morgan in five of the lots, — including lot 2, which is contiguous to the lot of the plaintiffs. The plan and all of the deeds were duly recorded.

The deed from Bowditch to the Morgans contained the following restrictions: "The above property is hereby conveyed subject to the following restrictions, namely: that no buildings other than private residences intended for single families only and the necessary outbuildings shall be erected or placed thereon and no building shall be erected nearer the street in any case than 20 feet with the exception that piazzas, porches and bay windows may extend 8 feet into said 20 foot reservation. Steps appurtenant to any building may project into the reservation so far as is necessary, and no other building or other structure shall be placed nearer than 5 feet to any boundary line."

All the houses so far erected on Hollis Street, including that built by the plaintiffs on lot 3, are single family houses, built in conformity with the restrictions, with the exception of the one on lot 2 recently completed by the defendant. This is a two-family house, and is within five feet of the dividing line between lot 2 and the lot of the plaintiffs. The plaintiffs promptly notified the defendant of their objection to the proposed house, calling attention to the provisions in the Bowditch deed; and in January, 1916, this bill in equity was brought to enforce the restrictions.

The ruling of the trial judge was "that the plaintiff as the owner of one of the lots is a person for whose benefit the restrictions were imposed, and is entitled to a mandatory injunction." This necessarily implies a finding by the judge that the original owner, Bowditch, imposed the same restrictions on each of the lots (on Hollis Street at least) as part of a general scheme of improvement, and for the benefit of purchasers of the several lots. In the absence of the evidence we cannot say that such a finding was unwarranted. The judge had before him not only the terms of the original deed, but the situation and attendant circumstances from which he could infer that Bowditch intended not only to impose on each grantee a liability to himself, for the protection of his other adjoining land, but also that there should enure to each purchaser of a lot the benefit of the restrictions, and an equitable right to enforce them against other grantees. *Parker* v. *Nightingale,* 6 Allen, 341. *Hano* v. *Bigelow,* 155 Mass. 341. *Allen* v. *Barrett,* 213 Mass. 36. Ann. Cas. 1913 E 822, note. And the defendant not only had notice that his lot 2 was subject to the restrictions, but he was one of the original grantees, and was charged with the obligation to convey the lots on Hollis Street subject to the restrictions. *Riley* v. *Barron,* 227 Mass. 325.

The plaintiffs are entitled to a writ of injunction enjoining the defendant from maintaining his building in violation of the restrictions set forth in the Bowditch deeds, the terms of the decree to be settled by the Superior Court.

*Decree accordingly with costs.*