NEW YORK LIFE INSURANCE COMPANY *vs.* EMBASSY REALTY COMPANY, INC.

Middlesex.    November 8, 1935. — January 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Land Court,* Jurisdiction, Certificate of title.

After sale of two of three lots of registered land with a notation on the purchaser's certificate of title of an easement in favor of the two lots over the third lot, created by the seller without the assent of the holder of a registered prior mortgage on the third lot, the Land Court had inherent power (not derived from G. L. [Ter. Ed.] c. 185, § 60) on suggestion of the mortgagee to amend the purchaser's certificate of title by adding a further notation that the easement was subject to the mortgage.

PETITION, filed in the Land Court on May 16, 1935, and heard by *Corbett,* J.

*G. P. Davis,* for the respondent.

*R. D. Swaim,* for the petitioner.

PIERCE, J. This case comes before this court upon the appeal of the respondent from an order of the Land Court amending the respondent's certificate of title under G. L. (Ter. Ed.) c. 185, § 60.

The petitioner, the New York Life Insurance Company, holds a mortgage given by Ralph E. Snider *et al.,* trustees, dated June 13, 1928, registered in South Registry District of Middlesex County as document No. 88688 and noted on certificate of title numbered 23682 in registration book 159, page 89. This mortgage covers lot A on the plan referred to in said document. Certificate of title No. 23682 covered also lots B and C 1 on the plan. Subsequently to

the mortgage, by deed dated February 21, 1929, document No. 95181, lots B and C 1 were conveyed by Snider *et al.* to the New England Theatres Operating Corporation and by that corporation to the Embassy Realty Company, Inc., which now holds certificate of title for said lots B and C 1 numbered 28327, registered in book 189, page 561. By document No. 95181 Snider *et al.* subjected the equity in lot A to an easement for a fire escape, but the New York Life Insurance Company holding the prior mortgage on lot A never consented to the easement or subjected its mortgage thereto. Certificate of title No. 28327 for lots B and C 1 contains a memorandum that the land "has the benefit of the rights, easements, and agreement set forth in deed of Ralph E. Snider *et al.* trustees to New England Theatres Operating Corp. dated February 21, 1929, being document No. 95181." The petitioner "does not agree that the above is a proper memorandum made in pursuance of said deed but alleges that it is likely to be misleading and is untrue because no notice is given that upon foreclosure by said New York Life Insurance Company of its mortgage the easement to maintain said fire escape on lot A will be destroyed and because said Embassy Realty Company, Inc. now maintains that said memorandum is a decision . . . [by the Land Court] that it has the right against said New York Life Insurance Company to maintain said fire escape."

The petitioner seeks to have a correction or change made in said memorandum under the provisions of G. L. (Ter. Ed.) c. 185, § 60, which reads: "If the assistant recorder is in doubt upon any question, or if any party in interest does not agree as to the proper memorandum to be made in pursuance of any deed, mortgage or other voluntary instrument presented for registration, the question shall be referred to the court for decision, either on the certificate of the assistant recorder stating the question in doubt, or upon the suggestion in writing of any party in interest; and the court, after notice to all parties and a hearing, shall enter an order prescribing the form of memorandum to the assistant recorder, who shall make registration in accordance therewith." It contends that the Land Court had juris-

diction to entertain this suggestion and the power to correct the memorandum on the respondent's certificate apart from any special power.

The respondent alleges and contends that § 60 defines the procedure to be followed before registration of a document and before the making of a memorandum by the assistant recorder; that § 60 may be invoked in two instances only: (1) if the assistant recorder is in doubt upon any question, and (2) if any party in interest does not agree (with him) as to the proper memorandum to be made in pursuance of any deed, mortgage or other voluntary instrument presented for registration. The respondent further contends that § 60 is of limited application and may be invoked only where a voluntary instrument is presented, and was not intended apparently to apply to cases where action is taken by a person other than the holder of the certificate. We think the contention of the respondent in this regard is sound and that the provision as to "notice to all parties" contemplates not notice to all the world but notice to any party in interest including the assistant recorder. So construed the section is not applicable for the reasons (1) that there has been no presentation of a deed, mortgage or other voluntary instrument for registration, and (2) that all memoranda have been matters of record since 1929 and, so far as the records disclose, there has been no failure to agree as between the assistant recorder and a party in interest.

The respondent contends that it is apparent from the arrangement of the sections of c. 185 that the intent of the Legislature was to provide, first, in § 60 for the treatment of voluntary instruments of the registered owner at the time of presentation, and that the later § 114 was provided for the correction of records after entry. G. L. (Ter. Ed.) c. 185, § 114, reads: "No erasure, alteration or amendment shall be made upon the registration book after the entry of a certificate of title or of a memorandum thereon and the attestation of the same by the recorder or an assistant recorder, except by order of the court. A registered owner or other person in interest may apply by petition to

the court upon the ground that registered interests of any description, whether vested, contingent, expectant or inchoate, have terminated and ceased; or that new interests not appearing upon the certificate have arisen or been created; or that any error or omission was made in entering a certificate or any memorandum thereon, or on any duplicate certificate; or that the name of any person on the certificate has been changed; or that the registered owner has married, or if registered as married, that the marriage has been terminated; or that a corporation which owned registered land and has been dissolved has not conveyed the same within three years after its dissolution; or upon any other reasonable ground; and the court may hear and determine the petition after notice to all parties in interest, and may order the entry of a new certificate, the entry or cancellation of a memorandum upon a certificate, or grant any other relief upon such terms, requiring security if necessary, as it may consider proper; but this section shall not authorize the court to open the original decree of registration, and nothing shall be done or ordered by the court which shall impair the title or other interest of a purchaser holding a certificate for value and in good faith, or his heirs or assigns, without his or their written consent." Under this statute it is the further contention of the respondent that the petitioner as a mere mortgagee has not so far been damaged or prejudiced; that "its certificate is complete on its face"; that it is not the holder of a certificate of title; that there has been no breach of the mortgage and conceivably it may be paid when the debt it secures becomes due and payable; that its petition is premature; and that it must wait until breach of its mortgage before raising the question of any possible cloud upon its title in mortgage. It is not necessary to pass upon these contentions respecting § 114.

The respondent had constructive notice of the petitioner's mortgage and the title it conveyed. It therefore could not be a purchaser for value holding its certificate in good faith and entitled to maintain the fire escape against the petitioner. We think the Land Court has inherent power

to correct and amend the respondent's certificate of title No. 28327 by adding after the words "being document No. 95181" "said rights, easements and agreements being subject to a mortgage to the New York Life Insurance Company filed and registered as document No. 88688 so far as applicable."

*Decision affirmed.*