EDGAR WARD *vs.* THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA & others.

Middlesex.    October 6, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equitable Restrictions.   Land Court,* Certificate of title.

Restrictions stated in a deed of a tract of land to be created "for the benefit of subsequent grantees of any part" thereof, the later recording of a plan of the tract divided into lots, and the registration of the tract by decree referring to the restrictions, showed the existence of a general scheme for development of the tract, and the restrictions were enforceable by the purchaser of one of the lots against the purchaser of another.

Under G. L. (Ter. Ed.) c. 185, § 114, the Land Court had no power to amend the certificate of title of the owner of one of the lots in a tract of land by striking out a recital that the lot was subject to restrictions earlier created if they were still valid and enforceable by the owners of other lots who took their certificates of title for value, in good faith and relying upon the restrictions.

PETITION, filed in the Land Court on October 1, 1935, to amend the petitioner's certificate of title.

The certificate was ordered amended by *Smith,* J. The respondents alleged exceptions.

*G. P. Davis,* for The Equitable Life Assurance Society of the United States.

*A. L. Partridge,* for The Prudential Insurance Company of America.

*R. E. McCarthy,* (*R. A. Shea* with him,) for Alfred Hannie and others.

*W. J. Kurth,* for Wildey Savings Bank.

*L. G. Brooks,* for First National Bank in Medford, submitted a brief.

No argument nor brief for the petitioner.

RUGG, C.J.    This is a petition to amend a certificate of title describing land in Medford, issued to the petitioner by the Land Court and dated May 4, 1934. The prayer is for an order to strike from that certificate the following restric-

tive clause attaching to the land: "subject to the restrictions, easements, agreements and reservations set forth in a deed given by the City of Medford to Fellsway Realty Company, duly recorded March 10, 1926, with Middlesex South Deeds, Book 4947, Page 89." The original decree of registration was subject to the clause just quoted and comprised about nine and one half acres of land in Medford. The land was bounded on the south by Elm Street, on the west by Fellsway West, and on the north and east, for the most part, by land of the city of Medford. The original deed from the city of Medford to Fellsway Realty Company contained the words: "Said premises are conveyed and the grantees for themselves, their heirs, successors and assigns take the same subject to the following easements, reservations, and restrictions created for the benefit of the grantor's remaining estate and for the benefit of subsequent grantees of any part of the parcel hereby conveyed and in case of breach thereof the grantor or its assigns as well as owners of any part of the parcel hereby conveyed may enforce the same by appropriate proceedings . . . ." Then follow numerous restrictions imposed upon uses to which the land might be put. So far as material to this proceeding, they were that the premises should be used for no commercial purpose except the production of films for motion pictures, and, subject to that exception, that the premises should be used for residential purposes only; with further provisions as to the cost of dwelling houses to be erected, the distance at which such houses should be erected from the lines of streets and from the lines of adjacent lots, and other provisions designed for the development of the tract for residential purposes.

The bill of exceptions of the respondents, together with the decision of the judge of the Land Court, a copy of the deed heretofore specified and referred to in the decision, and copies of three plans include all the material facts. Those facts in substance are as follows: The premises described in the certificate of the petitioner sought to be amended by this petition are shown as lot 49 on Land Court plan No. 12930-A and lot 19-A on Land Court plan No.

12930-C. Each of the corporate respondents, other than the city of Medford, is the owner of record of, or the holder of a mortgage on, one or more of the lots shown on the three plans above mentioned. The petitioner was the treasurer of the Fellsway Realty Company, which was the grantee in the deed of the entire tract, then unregistered, from the city of Medford, recorded on March 10, 1926. Shortly thereafter there were several mesne conveyances, one by the petitioner, who finally conveyed the tract to William J. L. Roop, trustee under a declaration of trust of which the petitioner owned five hundred one of the five hundred five preferred shares and five hundred of one thousand common shares. Title to the tract, excepting three lots which had been conveyed away prior to the date of registration, was registered in the name of said Roop, as trustee, by decree entered on August 29, 1928. That was the original decree of registration of the tract. It contained the same restrictive clause, already quoted, which referred to the restrictions in the deed given by the city of Medford to the Fellsway Realty Company, duly recorded on March 10, 1926, in Book 4947, Page 89. That is in substance the same clause which the petitioner seeks by the present proceeding to have struck from his certificate of registration. There was filed in the land registration office on June 8, 1928, a plan which apparently shows the tract embracing all the land here in controversy divided into lots numbered 1 to 49, both inclusive, and which already has been referred to as Land Court plan No. 12930-A. Perhaps there are fifty-two lots. Thus, before the original certificate of registration of August 29, 1928, there was on file a plan showing the tract as divided into lots. This plan, together with the restrictive clause in the certificate, shows a general building scheme. *Evans* v. *Foss*, 194 Mass. 513. *Maclary* v. *Morgan*, 230 Mass. 80. *Snow* v. *Van Dam*, 291 Mass. 477. During the period when lots were being sold by Roop as trustee, there was a sign on his office reading "High grade development. Homes, all improvements and restrictions." Roop also stated to purchasers that the tract was restricted to residential purposes. The persons to whom such repre-

sentations were made, and who are respondents, purchased in reliance upon such representations. At the time the petitioner acquired record title to the premises described in his certificate of title, all of the lots shown on said three plans, except two, had been sold and conveyed by Roop, trustee. It is stated in the decision of the judge of the Land Court that there were "sundry forms of language used by the operator in his deeds following a description of the land conveyed. Some were not made subject to restrictions, but all transfer certificates issued on the authority of the deeds preserved the clause now sought by amendment to eliminate in whole or in part." This is confirmatory of the existence of a general building scheme. *Whitney* v. *Union Railway*, 11 Gray, 359. *Hano* v. *Bigelow*, 155 Mass. 341. *Bacon* v. *Sandberg*, 179 Mass. 396. *Hartt* v. *Rueter*, 223 Mass. 207. *Maclary* v. *Morgan*, 230 Mass. 80. The case at bar is distinguishable from *Sprague* v. *Kimball*, 213 Mass. 380, because the petitioner has taken his title from a common, original source, under a certificate in form similar, so far as material, to those under which the respondents hold title to their respective premises.

The first conveyances from the tract by said Roop, trustee, and the language, if any, relative to restrictions set forth in the deeds, were as follows: (1) "Lot 46. June 19, 1928, 'subject to the restrictions, if any, that there may be of record'"; (2) "Lot 27. July 19, 1928, 'subject to restrictions of record'"; (3) "Lot 3. August 30, 1928. No mention of restrictions"; and (4) "Lot 43. September 21, 1928, 'subject to restrictions, easements, agreements and reservations as set forth in an instrument dated March 10, 1926 and recorded with Middlesex South District Deeds, Book 4947, Page 89 (the deed from the City of Medford).'" Following the last mentioned deed thirty-five other lots, including lots owned by parties respondent in this case, were conveyed by said Roop, trustee, by deeds, each of which contained, by reference to said deed from the city of Medford or to the original certificate of title, a statement relative to restrictions similar to that contained in the deed of lot 43 above quoted; six other lots were conveyed by deeds

which made no reference to restrictions; one lot was conveyed subject to "restrictions of record"; and six lots were conveyed by deeds which, following the statement that the land was subject to the restrictions set forth in the said deed or certificate, contained the words "so far as applicable" or words of similar import.

Practically all of the lots shown on said plan No. 12930-A, other than the land of the petitioner, have been improved for residential purposes, the structures being with few exceptions single family residences of good quality which substantially conform to the restrictive provisions set forth in said deed from the city of Medford to Fellsway Realty Company, and there has been no substantial violation of any of said provisions.

The judge of the Land Court ruled that the restrictions referred to in the petitioner's prayer for amendment of his certificate are enforceable against the land of the petitioner by the city of Medford, and by all those claiming title under said city to any part of the land formerly belonging to it and adjoining the tract of land registered in the name of William J. L. Roop, trustee, but that said restrictions are not directly enforceable by the respondents other than the city of Medford, and ordered the petitioner's certificate amended accordingly.

The respondents excepted to the ruling and conclusion that the restrictions set forth in the petitioner's certificate of title are not directly enforceable by the respondents other than the city of Medford and to the refusal to grant certain requests for rulings.

The city of Medford, as the original grantor of the tract of land, did not cause to be made a plan showing a general building scheme but it set forth in its deed restrictions on the tract conveyed, expressing the intent that the burden of those restrictions should run against, and the benefit accrue to, the grantees and owners of parts of the tract. The tract was divided into lots and sold by a subsequent purchaser of the tract, some deeds repeating the restrictions, in substance, and others making no express reference to them. This appears to have been in harmony with the

intent of the original grantor as manifested in its deed of grant with restrictions. The petitioner and respondents purchased parts of the original tract. Where such a dominant purpose is manifest from the deeds, commonly it will be given effect. *Jewell* v. *Lee*, 14 Allen, 145, 149. *Dana* v. *Wentworth*, 111 Mass. 291, 293. *Evans* v. *Foss*, 194 Mass. 513, 515, 516. See *Stewart* v. *Finkelstone*, 206 Mass. 28; *Loud* v. *Pendergast*, 206 Mass. 122. The relative rights of the several owners of the lots into which a tract has been divided and sold subject to restrictions are discussed in *Snow* v. *Van Dam*, 291 Mass. 477, *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 293 Mass. 352, and *Lovell* v. *Columbian National Life Ins. Co.* 294 Mass. 473.

To change his certificate of title the petitioner invokes the power conferred upon the Land Court by G. L. (Ter. Ed.) c. 185, § 114. That section confers no power "to open the original decree of registration." The restrictive clause which the petitioner seeks to have struck out of his certificate of title was in the original decree of registration of the tract. The proceedings for that registration in substance and effect admitted the validity of the original restrictions. As already pointed out, those restrictions were "for the benefit of subsequent grantees." The subdivision plan filed before the original certificate of title was issued, with the other circumstances, established the general scheme of improvement. Purchasers were entitled to rely upon that general scheme.

The Land Court has no authority under G. L. (Ter. Ed.) c. 185, § 114, on a petition for amendment of a certificate of title, to impair the title or other interest of a purchaser holding a certificate for value and in good faith, without his written assent. *Malaguti* v. *Rosen*, 262 Mass. 555, 567, 568. The judge of the Land Court found that the respondents were "purchasers of registered land for value and in good faith." The right to enforce restrictions is an interest in land. *Riverbank Improvement Co.* v. *Chadwick*, 228 Mass. 242. *Nash* v. *Eliot Street Garage Co.* 236 Mass. 176, 180. The respondents' certificates of title referred to a deed, which

purported to give them, as subsequent grantees, the right of enforcement of these restrictions.  There has been no change in the condition surrounding the several parcels of land here in question with respect to these restrictions since the original deed of grant in 1926 and the original decree of registration in August, 1928.  The restrictive clauses are as valid now as at the time they originated. Restrictions in general are to be construed against the grantor and in favor of freedom of alienation.  *Boston Baptist Social Union* v. *Boston University*, 183 Mass. 202, 205.  *American Unitarian Association* v. *Minot*, 185 Mass. 589, 595.  We are of opinion, however, that the facts do not warrant the relief afforded by the Land Court to the petitioner at the expense of those respondents having record rights in the restrictions.

*Exceptions sustained.*