VINCENT W. BURKE, trustee, *vs.* JANE E. FITZHERBERT & others.

Essex.     December 8, 1965. — January 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Equitable Restrictions.*

The benefit of a restriction in deeds to lots in a parcel of land prohibiting construction of a garage on any lot therein was not extended to a second parcel of land by the facts that some years after imposition of the restriction the owners of the lots in the first parcel and the owner of the second parcel joined in a scheme for the upkeep and maintenance of a private beach and its approaches by a conveyance thereof to trustees for the benefit of themselves and their successors and executed an agreement that such restriction and other restrictions should be continued in force and effect; and a successor owner of the second parcel, to which there was an appurtenant right to use the beach and to have access to it over the first parcel, had no standing in equity to enforce such restriction with respect to garages, not interfering with his access to the beach, erected on the lots in the first parcel following a purported modification of such restriction by successor owners of those lots.

BILL IN EQUITY filed in the Superior Court on September 19, 1963.

The suit was heard by *Forte, J.,* on demurrers.

*John A. McCarty* for the plaintiff.

*George C. Caner, Jr.,* for Ruth L. Darling & another (*Andrew R. Linscott,* for Jane E. Fitzherbert & others, with him).

WHITTEMORE, J.   The plaintiff has appealed from the final decree of the Superior Court dismissing the substitute bill of complaint following interlocutory decrees that sustained the defendants' demurrers.

The bill, in summary, alleges as follows: the plaintiff owns land in Swampscott to which there is appurtenant a right to use Phillips Beach and to have access thereto over land that was in 1916 owned by the trustees of the Phillips Beach Trust.   The trustees of that trust sold twelve lots of their parcel to predecessors in title of the defendants subject to certain restrictions one of which was that, with the exception of one lot, no garage should be built on any house lot.   Garage lots, near the public way, were conveyed to each grantee.   In 1926 predecessors in title of both the plaintiff and the defendants joined in a scheme pursuant to which the trustees of Phillips Beach Trust conveyed the beach and its approaches to trustees of the Little's Point Trust under a declaration of trust for the benefit of the persons for the time being owning the real estate now owned by the plaintiff and by the defendants with provisions for the upkeep and maintenance of the beach and its approaches.

As part of the scheme the beneficiaries of the 1926 trust agreed that "in so far as this instrument shall affect or in any way modify the existing rights, easements, or restrictions upon the property held in trust hereunder or owned by us such restrictions, easements and rights shall be so modified.   Said original restrictions as herein modified shall be continued in force and effect for and during the term of this trust, any provisions for prior termination of said rights, easements and restrictions to the contrary notwithstanding.   All easements and rights of the parties hereto which are not specifically modified or affected by this instrument shall remain in full force and effect as if this instrument had not been executed."   The restrictions in respect of garages originally imposed on the twelve lots were in no way modified in 1926.

The defendants in 1955 entered into an agreement purporting to modify the original garage restrictions and to permit garages on the defendants' lots.   This came to the

plaintiff's attention in 1961 and he also learned that some garages had been built and "[b]ecause of this breach" he has refused to pay assessments for the upkeep of the beach levied on him by the trustees. The bill prays for an order for the removal of the garages and to enjoin further construction.

There is no basis for the contention that the 1926 scheme, or the declaration of trust read with the agreement, extended the benefit of the garage restriction to the plaintiff's land. See *Lovell* v. *Columbian Natl. Life Ins. Co.* 294 Mass. 473, 477–480. Certainly this extension is not express and nothing suggests a basis for implying it. It does not appear that the enjoyment of the easement of access to the beach was reasonably related to whether the owners of the twelve lots stored their cars in one place or another. Indeed, as the defendants suggest, storage in a garage distant from the lot could tend to make more traffic on the commonly used way.

The bill shows no right in the plaintiff and no error in the decrees.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs*
> *of appeal.*