BARNSIDE REALTY CORPORATION & others[1] *vs.* PRISCILLA M.
COUGHLIN & another,[2] trustees,[3] & another.[4]

Suffolk. February 8, 1996. - March 5, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Mortgage,* Real estate. *Real Property,* Easement.

A mortgage provision purporting to retain the right to create an easement,
with prior agreement and approval of the lending institution, lawfully
reserved in the owner of the locus the right to create such an easement
that, when granted and recorded, was exempt from the mortgage: sale
of the locus pursuant to the power of sale in the mortgage did not
extinguish the easement. [233-235]

CIVIL ACTION commenced in the Land Court Department
on June 27, 1989.

The case was heard by *Robert V. Cauchon,* J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Mark J. Lanza* for the plaintiffs.

*Michael J. Traft* for Priscilla M. Coughlin & another.

WILKINS, J. This appeal from a judgment of the Land
Court, which we transferred here on our own motion, pre-
sents the question whether an easement exists over a parcel of
land in Essex (locus) owned by the plaintiffs. A judge in the
Land Court ruled, on cross motions for summary judgment,
that a valid easement existed in favor of abutting land now
owned by the defendants Priscilla M. and John T. Coughlin,
trustees, and formerly owned by the defendant Philip D.
Budrose, trustee.

---

[1]Robert W. Marculewicz and Windsor N. Hall, trustees of Essex Reach
Condominium Trust.

[2]John T. Coughlin.

[3]Of Gateway Realty Trust.

[4]Philip D. Budrose, trustee of Hawthorne Realty Trust.

On October 22, 1987, Michael DiGuiseppe, then owner of the locus, granted a mortgage secured by the locus to the Bank of New England, N.A. The mortgage, which was recorded, contained the following provision:

> "Subject to proposed Right of Way for road access and utilities and to pass and repass without limitations as shown on plan prepared by Morin Engineering, Inc., P. O. Box 982, Essex, MA 01929, dated 10/2/87."

The plan of the proposed right of way was not recorded. In September, 1988, DiGuiseppe granted an easement over the locus to the defendant Budrose, referring to a recorded plan. The granted easement was substantially similar to that described in the reservation stated in the mortgage. The deed granting the easement was recorded on November 8, 1988. DiGuiseppe defaulted on his mortgage, and the bank foreclosed on the mortgage. The plaintiffs acquired the locus from the bank by deed dated November 17, 1988.

We agree with the Land Court judge's reasoning that the mortgage provision purporting to retain the right to create an easement lawfully reserved in the owner of the locus the right to create such an easement. The grant of the easement created an interest in land that was exempt from the mortgage. The plaintiffs had notice of the recorded easement that had been granted pursuant to the reservation, and the sale to the plaintiffs pursuant to the power of sale in the mortgage (G. L. c. 183, § 21 [1994 ed.]) did not extinguish the easement. See *Brooks* v. *Bennett*, 277 Mass. 8, 15-16 (1931). Cf. *Guleserian* v. *Pilgrim Trust Co.*, 331 Mass. 431, 436 (1954).

There is no reason why the security that the mortgagee bank received in the locus, as part of a business transaction, should not be subject to such limitations as the bank agreed to in advance. See *Milton Sav. Bank* v. *United States*, 345 Mass. 302, 306 (1963). The mortgagee's prior consent to the future creation of an easement over the mortgaged premises distinguishes this case from those in which a mortgagor unsuccessfully attempted to impose a servitude on mortgaged premises binding on the mortgagee without the mortgagee's consent. See *New York Life Ins. Co.* v. *Embassy Realty Co.*,

293 Mass. 352, 355 (1936). The mortgage provision requiring the mortgagee's consent to creation of the easement was satisfied by the bank's approval specifically set forth in the mortgage itself.

*Judgment affirmed.*